UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.:  10cr2967 BTM |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| JOSHUA JOHN HESTER (1)<br>MARCO MANUEL LUIS (5) | |
| Defendants. | |

In an order filed on December 30, 2015, the Court determined that the government had not satisfied its burden of establishing that JP Morgan Chase ("Chase") suffered any loss on the Rancho Santa Fe loans that would entitle Chase to restitution. On January 26, 2016, the government filed a Motion for Reconsideration, Motion for Rehearing, and Motion to Strike. For the reasons discussed below, the government's motion is **DENIED**.

### I. STANDARD

Motions for reconsideration filed in criminal cases are governed by the same standard applicable to equivalent motions filed in civil cases. United States v.

1  Motta, 2012 WL 6569284, at *1 (D. Hawaii Dec. 17, 2012); United States v. Okafor,
2  550 F3d. Appx. 414 (9th Cir. 2013).  Accordingly, the Court looks to the standards
3  governing Rule 59(e) and Rule 60(b) motions.  Id.
4       Under Rule 59(e), reconsideration is appropriate "(1) if such motion is
5  necessary to correct manifest errors of law or fact upon which the judgment rests;
6  (2) if such motion is necessary to present newly discovered or previously
7  unavailable evidence; (3) if such motion is necessary to prevent manifest injustice;
8  or (4) if the amendment is justified by an intervening change in controlling law."
9  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  A motion for
10 reconsideration under Rule 59(e) "may not be used to raise arguments or present
11 evidence for the first time when they could reasonably have been raised earlier in
12 the litigation."  Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).
13      Rule 60(b) allows for relief from final judgments, orders, or proceedings in
14 the event of:  (1) mistake, inadvertence, surprise or excusable neglect; (2) newly
15 discovered evidence that, with reasonable diligence, could not have been
16 discovered in time to move for a new trial under Rule 59(b); (3) fraud,
17 misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a
18 satisfied, released, or discharged judgment; (6) or any other reason that justifies
19 relief.  Rule 60(b) cannot be used to present new arguments that could have been
20 raised previously.  Figy v. Amy's Kitchen, Inc., 2014 WL 3362178, at * 3 (N.D. Cal.
21 July 7, 2014).
22
23      **II. DISCUSSION**
24      The government raises several grounds in support of its motion for
25 reconsideration.  However, none of these grounds warrants relief.
26      First, the government argues that even though the Ninth Circuit remanded
27 the case with instructions to the Court to recalculate Chase's loss based on the
28 loan purchaser methodology set forth in United States v. Yeung, 672 F.3d 594,

602 (9th Cir. 2012), neither methodology set forth in Yeung applies because the facts of this case are so different.  Specifically, the government contends that the Ninth Circuit incorrectly assumed that Chase was a purchaser on the secondary market and was not aware that the transaction transferring the Rancho Santa Fe loans to Chase was facilitated through an FDIC-R auction, not a sale on the secondary market.

The government is mistaken.  The Ninth Circuit was fully aware of the circumstances surrounding the FDIC taking control of WaMu and Chase's FDIC-facilitated purchase of WaMu's assets and liabilities.  During oral argument on defendant Marco Manuel Luis's appeal on March 6, 2014, Assistant United States Attorney Larry Spong and the panel had an extended discussion regarding whether Chase merely "stepped into the shoes" of WaMu as a result of the FDIC takeover or was a purchaser of the loans at issue.[1]

Therefore the Ninth Circuit was not operating on incorrect facts in applying Yeung.  The Ninth Circuit instructed this Court to apply Yeung's loan purchaser methodology, and the Court was bound to do so.

Next, the government argues that even applying Yeung, the value of the loans on September 25, 2008 was the "book value" of the loans.  The Court has already considered this argument and rejected it.[2]

Finally, the government seeks a rehearing to introduce additional evidence in support of expert Richard W. George's testimony regarding why the "book value" of the loans can also be considered a "fair value," and moves to strike defense expert Jan Ericsson's testimony as unreliable.  The government does not claim

---

[1] The discussion begins at 24:12 of the recording, which is available at www.ca9.usourts.gov/media/view.php?pk_id=0000012459.

[2] The government asks the Court to take judicial notice of other FDIC-R litigation that the government contends supports its "book value" argument.  The Court has already determined that the "book value" of the loans in this case does not control the Court's loss analysis.  Therefore, the Court denies the government's request for judicial notice.

that it has newly discovered evidence or that it could not have made these arguments previously. The Court spent considerable time on the remanded issue of restitution as to the Rancho Santa Fe loans, including multiple days of testimony, and declines to engage in another round of briefing, argument, and hearing.

### III. CONCLUSION

For the reasons set forth above, the government's Motion for Reconsideration, Motion for Rehearing, and Motion to Strike [Doc. 1033] is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 14, 2016

Barry Ted Moskowitz, Chief Judge
United States District Court